IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSE OGG,

        Plaintiff,

   vs.                               No. CIV. S-10-1218 JAM GGH PS

CIGNA GROUP INSURANCE COMPANY, et al.,

        Defendants.            ORDER

_____/

        Plaintiff has not paid the fee ordinarily required to file an action in this court, and has filed an incomplete application to proceed without prepayment of fees. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff has not signed the application. Plaintiff will be provided the opportunity to submit either the appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee.

        Even had plaintiff completed this court's form application to proceed in forma pauperis, and demonstrated a proper basis to proceed without prepayment of funds, this court would not permit the action to proceed upon the filed complaint.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

1

1  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
2  an immune defendant.
3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.
10        A complaint must contain more than a "formulaic recitation of the elements of a
11  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
12  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
13  "The pleading must contain something more...than...a statement of facts that merely creates a
14  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
15  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
16  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
17  v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
18  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
19  the court to draw the reasonable inference that the defendant is liable for the misconduct
20  alleged." Id.
21        Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
22  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
23  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
24  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
25  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
26        The court is unable to determine a jurisdictional basis for this action.  A federal

court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Plaintiff has asserted no basis for jurisdiction. Her claim is that after her spouse died, she went to his former employer, Greyhound Lines, Inc., requesting disbursement of his life insurance and double indemnity accidental death coverage, but was told by this defendant that

any policies had terminated when her husband retired from his employment with Greyhound. Plaintiff seeks monetary damages in an unspecified amount. This type of claim does not raise a federal question, but is limited to contract law which should be adjudicated in state court. For diversity jurisdiction, plaintiff would need to allege that she is diverse from every named defendant, and provide the state of residence for all parties. Her alleged damages would also need to exceed $75,000. If plaintiff thinks she can proceed with diversity jurisdiction, she is permitted to file an amended complaint.

If plaintiff chooses to amend the complaint to state a federal claim, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within twenty-eight (28) days from the date of this order,

1 either a completed and signed application and affidavit in support of her request to proceed in
2 forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee;
3 plaintiff's failure to comply with this order will result in a recommendation that this action be
4 dismissed.
5      2. The complaint is dismissed for the reasons discussed above, with leave to file
6 an amended complaint within twenty-eight (28) days from the date of service of this Order.
7 Failure to file an amended complaint will result in a recommendation that this action be
8 dismissed.
9      3. The Clerk of the Court is directed to send plaintiff a new Application to
10 Proceed In Forma Pauperis.
11 DATED: September 13, 2010

                           /s/ Gregory G. Hollows

                           GREGORY G. HOLLOWS
                           UNITED STATES MAGISTRATE JUDGE

GGH/076
Ogg1218.ifp.wpd